MUNICIPALITY OF AÑASCO, Plaintiff and Appellant, v.
JOSÉ R. VÉLEZ, Defendant and Appellee.

No. 6389. Argued May 2, 1934.—Decided June 10, 1935.

*Ildefonso Freyre* for appellant. *M. Figueroa del Rosario* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a case where the Municipality of Añasco brought a suit in unlawful detainer alleging that the defendant held at will a parcel of land on the Plaza Principal belonging to the plaintiff on which a kiosk was constructed. In point of fact the real issue in this case is the right of the defendant to set up a conflict of titles with respect to the kiosk of which he is in possession. From the evidence there is no doubt that the municipality is the owner of the land on which the kiosk is built, as likewise there can be no doubt that the defendant is the actual owner and possessor of the kiosk.

There is some discussion in the briefs of the sufficiency of the description of the place where the kiosk is situated, but we have no question that both after and before the trial, by amendment or otherwise, the parties were duly apprized of the location of the said kiosk.

The evidence tended strongly to show, as found by the court, that the kiosk was built on the land some twenty-five years ago by Vicente Barletta. It changed owners several times until it came into the hands of the defendant. The evidence likewise tended to show that the defendant purchased the kiosk from the owner next preceding, and it was admitted that he paid for the water and perhaps other things that he obtained; that neither he, nor any of the previous owners, paid anything to the municipality for the use of the kiosk. There is a statement in the record that the defendant paid taxes for the kiosk itself, supposedly to the People of Puerto Rico.

The court below held or found, as the case may be, that the defendant held the kiosk by virtue of a concession from the municipality. The Secretary-Auditor of Añasco attempted to deny the concession, but he admitted that he did not have in his possession any record previous to 1920. He admitted besides that according to his books, with perhaps

one exception, nobody was paying for lots within the Municipality of Añasco.

The court below did not attempt to find exactly what was the nature of the right that the defendant enjoyed, but was satisfied that there was a concession, that a conflict of titles arose, and that such conflict could not be decided in an unlawful detainer suit, citing various cases of this court.

We are inclined to agree with the appellee when it is shown, as here, that the edifice was constructed more than twenty-five years ago and the defendant and his predecessors in title have been using and enjoying the same during the whole period with the knowledge and sufferance of the municipality, that a presumption of a license or a concession by the municipality would arise.

It is not at all a far cry for the appellee to maintain that after the municipality has permitted a man and his predecessors in title to occupy a kiosk on the plaza for more than twenty-five years that his right to the said kiosk can not be questioned or settled in an unlawful detainer proceeding.

The appellant may be entirely right in maintaining that the defendant could not acquire a permanent right to the kiosk; that the municipality would always have the right to take his license away from him by appropriate means. A great part of appellant's brief relates to the clear right of the municipality and the absence of right in the defendant.

The appellee draws attention to the fact that in Puerto Rico kiosks have very generally been placed on the plazas, but this custom, however, would not prevent a particular municipality from ceasing the practice.

We are of the opinion that the proper remedy of the plaintiff in this case would have been to proceed under section 70 of the Municipal Law (Session Laws of 1928, p. 390). We copy two paragraphs from the said section:

"Section 70. On petition, the municipal assembly may grant lots in perpetuity for the construction of houses thereon, under such

conditions as the assembly may determine by ordinance approved for the purpose; and where a lot has been granted as aforesaid, the owner of the house constructed thereon shall have the use of said lot during such time as he maintains on said lot a building in good condition, in accordance with regulations prescribed by said ordinance.

"\*      \*      \*      \*      \*      \*      \*

"When the municipal assembly believes that it must consider the question of the forfeiture of one of those concessions, the grantee shall be summoned at least thirty (30) days in advance so that he may appear before the assembly in defense of his right, at a meeting to be held for the purpose. Upon hearing the interested party, the assembly shall decide, pursuant to law and in accordance with the evidence presented; and the resolution adopted shall be final unless the grantee appears, within thirty days after he has been notified of the decision, and files the proper action before the district court of the district to which the municipality belongs; and after the case has again been heard in said court, its decision shall be final."

We gather from this act that it is the municipal assembly that has the administrative right to determine who, if anyone, shall occupy the public places; and that the defendant ought to have had the opportunity to be heard before said municipal assembly.

We have examined some of the jurisprudence to the effect that the lessee of a market stall has rights. *State* v. *Burkett*, 119 Md. 609, 87 Atl. 514, citing *Green* v. *Western National Bank*, 86 Md. 280, 38 Atl. 131, wherein it was held that such rights are in the nature of an easement. We do not go so far as to hold that the right of a kiosk is of the nature of an easement in Puerto Rico, but we make reference to these cases as supporting the conclusion that the owner of a kiosk has a right of which he can not be deprived by an unlawful detainer proceeding.

The parties have also discussed the bearing of the case of *La Ermita* v. *Collazo*, 41 P.R.R. 594, on the one side, and on the other side the cases of *Schuck* v. *Verdejo*, 43 P.R.R. 915 and *Rubert Hnos.* v. *Hernández*, 43 P.R.R. 920, and likewise the case of *Saldaña* v. *The Municipal Council of San Juan*, 15 P.R.R. 36, but none of these citations have any

particular application to the facts of the situation before us. Thus we dispose of three of the assignments of error.

The appellant does not convince us that there was an abuse of discretion in imposing costs.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro does not agree with the imposition of costs on the municipality, nor with all the grounds of the opinion.